IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Scott McKenzie, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  12 C 6472 |
| | ) | |
| Richard J. Boudreau & Associates, | ) | |
| LLC, Massachusetts limited liability | ) | |
| company, and Mercantile Adjustment | ) | |
| Bureau, LLC, a New York limited liability | ) | |
| company, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Scott McKenzie, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants transact business here.

**PARTIES**

3. Plaintiff, Scott McKenzie ("McKenzie"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed to RBS Card Services.

4. Defendant, Richard J. Boudreau & Associates, LLC ("Boudreau") is a Massachusetts limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Boudreau was acting as a debt collector as to the debt it attempted to collect from Plaintiff.

5. Defendant, Mercantile Adjustment Bureau, LLC ("Mercantile") is a New York limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Mercantile was acting as a debt collector as to the debt it attempted to collect from Plaintiff.

6. Defendant Mercantile is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State attached as Exhibit A. In fact, both Defendants, Mercantile and Boudreau, conduct extensive and substantial business in Illinois.

7. Defendant Mercantile is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation attached as Exhibit B. In fact, both Defendants act as a collection agencies in Illinois.

**FACTUAL ALLEGATIONS**

6. Mr. McKenzie fell behind on paying his RBS Card Services debt and Defendant Mercantile thereafter began attempting to collect the RBS Card Services debt. On September 15, 2011, Defendant Mercantile sent Mr. McKenzie a collection

letter stating that the Balance was $14,480.08. A copy of this collection letter is attached as Exhibit C.

7. Less than a month thereafter, Defendant Boudreau began to attempt to collect the RBS Card Services debt. On October 12, 2011, Defendant Boudreau sent Mr. McKenzie an initial form debt collection letter which stated the Balance was $14,068.10, or $412.70 less than what Defendant Mercantile was attempting to collect one month ago, even though Mr. McKenzie had not made any payments on the account. A copy of this letter is attached as Exhibit D.

8. All of the collection actions at issue occurred within one year of the date of this Complaint.

9. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692e(2)(A) Of The FDCPA –**
**Falsely Representing The Amount Of The Debt**

10. Plaintiff adopts and realleges ¶¶ 1-9.

11. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

12. Either Defendant Mercantile falsely stated the amount of the debt that was owed in its September 15, 2011 letter, or Defendant Boudreau falsely stated the amount of the debt in its October 12, 2011 letter – both amounts cannot be correct. Thus,

3

Defendants' statements as to the amount of the debt were false representations of the amount of the debt, in violation of § 1692e of the FDCPA.

13. Defendants' violations of § 1692e of the FDCPA render them liable for actual and statutory damages, costs and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation of § 1692g(a)(1) --
## False Statement Of Amount Owed

14. Plaintiff adopts and realleges ¶¶'s 1-9. This Count II is brought solely against Defendant Boudreau.

15. Section 1692g requires that, within five days of a debt collector's initial communication with a consumer in connection with the collection of any debt, that the debt collector provide the consumer with written notice of certain information, including "(1) the amount of the debt;", see, 15 U.S.C. § 1692g(a)(1); see also, Miller v. McCalla, Raymer, Padrick, Cobb, Nichols and Clark, L.L.C., 214 F.3d 872, 875-876 (7th Cir. 2000); Veach v. Sheeks, 316 F.3d 690, 693-694 (7th Cir. 2003).

16. By falsely stating the amount of the debt in its initial form collection letter, Defendant Boudreau violated § 1692g(a)(1) of the FDCPA.

17. Defendant Boudreau's violation of § 1692g(a)(1) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. (See, 15 U.S.C. § 1692k).

## PRAYER FOR RELIEF

Plaintiff, Scott McKenzie, prays that this Court:

1. Find that Defendants' collection actions violate the FDCPA;

2. Enter judgment in favor of Plaintiff, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Scott McKenzie, demands trial by jury.

Scott McKenzie,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: August 15, 2012

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com